**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**

In re: Case No. **25-20296-HAC-11**

**RICKY SELLERS TRUCKING, LLC,**

Debtor(s).

**BANKRUPTCY ADMINISTRATOR'S RESPONSE**
**TO SECOND INTERIM APPLICATION FOR ATTORNEY'S FEES**

Comes now, Mark S. Zimlich, United States Bankruptcy Administrator for the Southern District of Alabama, and files this Response to the Second Interim Application for Attorney's Fees (Doc. 141).

1. The debtor filed a voluntary petition under Chapter 11 of Title 11 on October 22, 2025, and on October 23, 2025, filed an application to employ Barry A. Friedman ("Friedman") as debtor's counsel to the date of the petition (Doc. 3). An order approving Friedman's employment was entered on December 15, 2025 (Doc. 82).

2. Friedman filed the First Interim Application for Attorney's Fees on February 4, 2026, seeking approval of fees of $39,305.00 for the period of September 22, 2025, through December 29, 2025. The Bankruptcy Administrator filed a response to the First Interim Application (Doc. 163). After notice and a hearing, the court entered an order on March 6, 2026, approving attorney fees in the amount of $34,405.00 (Doc. 170).

3. Friedman filed the instant Second Interim Application for Attorney's Fees on July 14, 2026, seeking approval of attorney's fees of $19,145.00 and expenses of $41.76 for the period of January 2, 2026, through June 12, 2026.

4. Entities seeking interim or final compensation for services or reimbursement of

necessary expenses must comply with Bankruptcy Rule 2016(a), which requires that the entity file an application showing : A) in detail the amounts requested and the services rendered, time spent, and expenses incurred; B) all payments previously made or promised for services rendered or to be rendered in connection with the case; C) the source of the paid or promised compensation; D) whether any previous compensation has been shared; E) whether an agreement or understanding exists between the applicant and any other entity for sharing compensation for services rendered or to be rendered in connection with the case; and F) the particulars of any compensation sharing or agreement or understanding to share. The Second Interim Application does include a statement of services rendered, time spent, and expenses incurred, but does not state whether a sharing agreement is in place with any other entity.

5. The court may award interim compensation to a debtor's attorney pursuant to 11 U.S.C. §331. Orders awarding interim compensation are interlocutory and subject to the court's re-examination and adjustment during the course of the case. *Dzikowski & Walsh v. Barbee (In re Westwood Cmty. Two Ass'n), 2006 U.S. App. LEXIS 9151*. Courts have an independent duty to investigate the reasonableness of compensation even in the absence of any objection by a party in interest. *In re Busy Beaver Bldg. Ctrs., 19 F.3d 833; In re Mingledorff, 2015 Bankr. LEXIS 2076*.

6. Pursuant to 11 U.S.C. §330, in determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors. Relevant factors include the time spent on such services; the rates charged for such services; whether the services were necessary to the administration, or beneficial at the time the service was rendered toward completion of the case; whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; whether the professional person is board-certified or otherwise has demonstrated skill and experience in the bankruptcy field; and whether the compensation is reasonable based on customary compensation

charged by comparably skilled practitioners.

7. The Bankruptcy Administrator has reviewed the Second Interim Application for Attorney's Fees. The hourly rate is reasonable, and was disclosed in the application to employ Friedman. The services were performed within a reasonable amount of time, and were necessary and beneficial toward completion of the case. The total requested fee is reasonable considering the many issues involved in this case, which is a trucking company with a large number of secured creditors, many of which have filed motions for relief from stay. The total requested fees of $19,145.00 is comparable to fees awarded in similar cases for a 6-month period.

Based on the foregoing, the Bankruptcy Administrator recommends approval of the *Second Interim Application for Attorney's Fees* in the amount of $19,145.00 in fees and $41.76 in expenses.

Dated: July 31, 2026

/s/Mark S. Zimlich
Bankruptcy Administrator
113 St. Joseph Street, Room 520
Mobile, Alabama 36602
(251)690-2058
mark_zimlich@alsba.uscourts.gov

## CERTIFICATE OF SERVICE

I certify that I have this date served a true and correct copy of this pleading by electronic mail, or by placing it in the United States Mail, postage prepaid, and properly addressed to the following parties in interest:

Ricky Sellers Trucking
P.O. Box 480944
Linden, AL 36748

Barry A. Friedman
bky@bafmobile.com

Dated: July 31, 2026 /s/ Mark S. Zimlich